The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMAZON CAPITAL SERVICES, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>DAVID AND ELAINA PORTUGAL, individually and the marital community comprised thereof,<br><br>Defendants. | No. 2:17-cv-01084-MJP<br><br>FIRST AMENDED COMPLAINT |

## I.   INTRODUCTION

1.      Amazon provides an online marketplace through which third parties can sell products on the Amazon.com website.  By opening its marketplace to third-party sellers, Amazon has been able to increase the selection and availability of countless products, giving Amazon customers a seamless and complete one-stop online shopping experience.

2.      This expanded marketplace also allows small business to utilize Amazon's site and leverage Amazon's brand and presence to reach more than 250 million active Amazon customers, creating a unique opportunity for these sellers to grow their customer base and sales.

3.      Amazon is committed to supporting its third-party sellers in many different ways.  Relevant here, Amazon's affiliate, Amazon Capital Services, Inc. ("ACS"), offers competitive, low-cost business loans to certain sellers to support their selling businesses on

FIRST AMENDED COMPLAINT
(No. 2:17-cv-01084-MJP) – 1

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

Amazon. Because Amazon is familiar with these sellers, ACS is able to simplify the loan origination process, reduce the necessary documentation, and originate loans more quickly and efficiently than traditional small-business lenders.

4. ePort, Inc. ("ePort") was, until recently, a third-party seller on Amazon. Over the past six years, ePort sold automotive products on Amazon's site and experienced a 7% year-over-year growth rate.

5. In November 2016, ePort, through its owner, David Portugal, applied for a $750,000 loan from ACS. ACS accepted Mr. Portugal's loan application and representations, Mr. Portugal signed the loan agreement, and ACS funded the loan.

6. After making the first two payments, ePort abruptly stopped selling on Amazon and stopped making loan payments. When asked about missed loan payments, Mr. Portugal advised ACS that he decided to close the business (ePort) and had no intention of paying off the loan from ACS or complying with the loan agreement he signed.

7. As required by the parties' loan agreement, ACS instituted an arbitration proceeding with the American Arbitration Association ("AAA") against ePort and Mr. Portugal. Mr. Portugal has denied, however, that the AAA has jurisdiction over him or can enter an award against him.

8. In light of Mr. Portugal's refusal to arbitrate, ACS brings this lawsuit, first and foremost, to request a declaratory judgment that ACS's claims against Mr. Portugal (and his counterclaims against ACS) are subject to binding arbitration under the loan agreement. Should the Court rule that these claims are not subject to arbitration, ACS asserts claims, in the alternative, in this Court against Mr. Portugal for breach of contract, fraud, and negligent misrepresentation.

FIRST AMENDED COMPLAINT
(No. 2:17-cv-01084-MJP) – 2

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

## II.   PARTIES[1]

9. Plaintiff ACS is a Delaware corporation with its principal place of business in Seattle, Washington.

10. Defendant David Portugal is an individual residing in Etowah, North Carolina. On information and belief, Mr. Portugal is married to Defendant Elaina Portugal, and all wrongful acts alleged herein were done for the benefit of the marital community.

11. On information and belief, Mr. Portugal solely owns and operates ePort, and has complete control and dominion over its finances, business policies, affairs, and transactions, and used that control to enter into and breach the loan agreement. Mr. Portugal supervised, directed, controlled, and personally committed all of the wrongful conduct alleged in this Complaint, and he derived a direct financial benefit from that wrongful conduct. ePort is a mere instrumentality and alter-ego of Mr. Portugal, and Mr. Portugal is therefore bound by and to the acts and omissions of ePort, which acted solely through him, in his individual capacity.

## III.   JURISDICTION

12. The Court has subject matter jurisdiction under 28 U.S.C. § 1332 because this action is between citizens of different states and the matter in controversy exceeds $75,000, exclusive of interest and costs.

13. ePort is an alter-ego of Mr. Portugal and Mr. Portugal is personally liable for conduct committed through that alter-ego. As a result, the Court has personal jurisdiction over Mr. Portugal arising from the actions he took nominally for and on behalf of ePort. He purposefully directed his unlawful conduct at Washington and purposefully availed himself of the privilege of conducting business in Washington and with ACS, who resides in Washington. ACS's claims arise from Mr. Portugal's activities in and directed to this forum. Specifically, Mr. Portugal, through his alter-ego ePort, entered into the loan agreement with ACS in Washington, made fraudulent and/or negligent misrepresentations to ACS in Washington, and

---

[1] Through the filing of this First Amended Complaint, ACS hereby dismisses without prejudice all claims against ePort, Inc.

FIRST AMENDED COMPLAINT
(No. 2:17-cv-01084-MJP) – 3

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

ultimately breached the terms of the loan agreement, the harm from which was felt in Washington.

14. This Court also has personal jurisdiction over Mr. Portugal because the conduct giving rise to ACS's declaratory judgment claim—namely, Mr. Portugal's refusal to submit to jurisdiction—occurred in the course of an arbitration proceeding instituted in and administered by the AAA in Washington.

15. Mr. Portugal has further voluntarily submitted to personal jurisdiction in Washington by affirmatively bringing counterclaims against Amazon, asserted by letter sent to Amazon's counsel in Washington and in the course of an arbitration proceeding instituted in and administered in Washington.

16. Pursuant to Local Civil Rule 3(d), intra-district assignment to the Seattle Division is proper because the claims arose in this Division, where (a) ACS resides, (b) the dispute and injuries giving rise to suit occurred, and (c) where Mr. Portugal directed his unlawful conduct.

## IV.   FACTS COMMON TO ALL CLAIMS

17. On November 4, 2016, Mr. Portugal (through his alter-ego ePort) applied to ACS for a loan in the amount of $750,000, with a 12-month term and an annual interest rate of 12.9%. He agreed he would make 12 consecutive monthly payments of $66,952.78 to pay off the loan. A true and correct copy of the loan application is attached as Exhibit A ("Loan Application").

18. When submitting the Loan Application, Mr. Portugal (through his alter-ego ePort) certified he had read and agreed to be bound by the ACS Loan Agreement. A true and correct copy of the Loan Agreement is attached as Exhibit B ("Loan Agreement").

19. The Loan Agreement specifies various conditions that trigger a default of the loan. Those conditions include, for example, if Mr. Portugal (a) missed or made untimely payments, (b) stopped selling products on Amazon.com; (c) fell below minimum sales thresholds, based on sales history; (d) experienced insolvency or receivership, declared

FIRST AMENDED COMPLAINT
(No. 2:17-cv-01084-MJP) – 4

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

bankruptcy, or initiated similar proceedings (such as a corporate dissolution); or (e) gave false information or certifications in connection with the loan application. *See* Ex. B, ¶ 5.1.

20. The Loan Agreement also specifies certain remedies ACS may take in the event of a default, including, for example, (a) accelerating the remaining loan balance; (b) directing Amazon to withhold seller disbursements; and (c) taking possession of inventory located in Amazon fulfillment centers. *See* Ex. B, ¶ 5.2.

21. ACS accepted Mr. Portugal's loan application and funded the loan on November 9, 2016.

22. Mr. Portugal (through his alter-ego ePort) made the first two payments of $66,952.78 on December 13, 2016, and January 10, 2017. Mr. Portugal did not, however, make the required payment in February 2017. Instead, on February 12, 2017, ePort changed its Amazon selling status to "on vacation" and stopped fulfilling customer orders.

23. On February 21, 2017, Amazon detected that ePort's sales volume had abruptly, and without explanation, dropped more than 75% from the previous month, triggering an automatic default under the loan agreement. Concerned that ePort might be facing difficulties in its business, Amazon contacted Mr. Portugal to ask about the missed payments. Mr. Portugal informed Amazon that he had decided to shutter ePort and had no intention of paying off the loan or complying with the loan agreement.

24. In light of Mr. Portugal's representations, on February 23, 2017, pursuant to paragraph 5.2 of the Loan Agreement, Amazon accelerated the loan balance, making the full balance due immediately. ePort, through Mr. Portugal, has refused to pay that balance.

25. ACS subsequently learned that ePort and Mr. Portugal made material misrepresentations in connection with their loan application.

26. Mr. Portugal affirmatively represented that his credit history was "clear of bankruptcy, serious delinquency, open judgement and tax liens." *See* Exh. A, at 1. This was false: ACS discovered that Mr. Portugal previously filed two Chapter 7 bankruptcies in the Northern District of Illinois, in 1993 and 2005. In both cases, he received a discharge.

FIRST AMENDED COMPLAINT
(No. 2:17-cv-01084-MJP) – 5

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

27. Mr. Portugal further certified that "all loan proceeds will be used to directly support [his] selling business on Amazon or on [his] Amazon webstore site." This too also false: instead, Mr. Portugal appears to have secreted or otherwise disposed of the loan proceeds, using them for his personal benefit, and closed his business shortly after ACS funded the loan.

28. As of March 31, 2017, the outstanding balance due on the loan is $641,447.30. The Loan Agreement provides for continuing interest while the loan remains unpaid.

29. The Loan Agreement specifies that all disputes relating in any way to the agreement will be resolved by binding arbitration. On May 19, 2017, ACS filed a demand for arbitration with the American Arbitration Association ("AAA"), naming ePort and Mr. Portugal as respondents. A true and correct copy of that demand for arbitration is attached as Exhibit C ("Demand for Arbitration").

30. On June 9, 2017, ePort and Mr. Portugal filed a response with AAA in which they asserted, among other things, that AAA "has no jurisdiction over Mr. Portugal." In that same response, Mr. Portugal also individually asserted counterclaims against ACS, including a claim under Washington law. A true and correct copy of Mr. Portugal's response is attached as Exhibit D ("Response Letter").

31. In light of Mr. Portugal's refusal to arbitrate and his contention that AAA lacks jurisdiction over him, a genuine dispute has arisen between the parties over whether ACS's claims against Mr. Portugal belong in the arbitral forum or whether ACS is obliged to bring its claims against Mr. Portugal in a lawsuit. If the latter, ACS is not and should not be required to conduct an arbitral proceeding against Mr. Portugal *in absentia*, only to risk having an award vacated by a court at the conclusion of the proceeding. The dispute over whether Mr. Portugal is subject to arbitration is ripe and should be decided now.

FIRST AMENDED COMPLAINT
(No. 2:17-cv-01084-MJP) – 6

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

## V.        CLAIMS

**FIRST CAUSE OF ACTION**
**Declaratory Judgment (28 U.S.C. § 2201)**

32.     ACS incorporates the preceding paragraphs of this Complaint.

33.     An actual controversy has arisen between ACS and Mr. Portugal, in that ACS contends the following and believes that Mr. Portugal, based on his prior representations in the Response Letter, would deny the following:

    a.      Mr. Portugal is the alter ego of ePort, and vice versa, such that ePort and Mr. Portugal are to be treated as one and the same. Mr. Portugal is personally liable for ePort's acts and omissions, including his own acts and omissions on behalf of ePort, and through which he obtained personal benefit.

    b.      Mr. Portugal is bound by the terms of the Loan Agreement to the same extent as ePort is bound.

    c.      Under the terms of the Loan Agreement, Mr. Portugal agreed that any "dispute or claim relating in any way" to the agreement "will be resolved by binding arbitration" before the American Arbitration Association.

    d.      Accordingly, any claims by ACS against Mr. Portugal, and any counterclaims by Mr. Portugal against ACS, that relate in any way to the Loan Agreement, must be resolved by binding arbitration before the American Arbitration Association.

    e.      Under Paragraph 5.2 of the Loan Agreement, Mr. Portugal is further obligated to pay ACS's reasonable attorneys' fees and the costs of these proceedings.

34.     ACS desires and requests a judicial determination of the above because such a determination is essential to allow the parties to ascertain their respective rights and obligations with respect to the forum in which their dispute is to be resolved.

**ALTERNATIVE SECOND CAUSE OF ACTION**
**Breach of Contract**

35.     ACS incorporates the preceding paragraphs of this Complaint.

FIRST AMENDED COMPLAINT
(No. 2:17-cv-01084-MJP) – 7

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

36. In the event the Court declines to enter judgment for ACS on its first cause of action or to enter the requested declaratory relief, Amazon brings this second cause of action in this Court in the alternative.

37. The Loan Agreement is a binding and enforceable contract between ACS and ePort.

38. Mr. Portugal is the alter ego of ePort, and vice versa, such that ePort and Mr. Portugal are to be treated as one and the same entity. Mr. Portugal is personally liable for ePort's acts and omissions, including his own acts and omissions on behalf of ePort, through which he obtained personal benefit.

39. Mr. Portugal is bound by the terms of the Loan Agreement to the same extent as ePort is bound.

40. ACS fully performed its obligations under the Loan Agreement.

41. Mr. Portugal failed to perform various promises and obligations under the Loan Agreement, each of which constitutes a material breach of the Loan Agreement.

42. Mr. Portugal's material breaches have caused ACS damage in the amount of the outstanding balance of the loan plus interest. ACS is additionally or alternatively entitled to prejudgment interest on the amount owed.

43. Mr. Portugal took these wrongful acts for the benefit of himself and Mrs. Portugal, and the marital community comprised thereof.

44. Under Paragraph 5.2 of the Loan Agreement, Mr. Portugal is further obligated to pay ACS's reasonable attorneys' fees and the costs of these proceedings.

## ALTERNATIVE THIRD CAUSE OF ACTION
### Fraudulent Misrepresentation

45. ACS incorporates the preceding paragraphs of this Complaint.

46. In the event the Court declines to enter judgment for ACS on its first cause of action or to enter the requested declaratory relief, Amazon brings this third cause of action in this Court in the alternative.

FIRST AMENDED COMPLAINT
(No. 2:17-cv-01084-MJP) – 8

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

47. Mr. Portugal is the alter ego of ePort, and vice versa, such that ePort and Mr. Portugal are to be treated as one and the same entity. Mr. Portugal is personally liable for ePort's acts and omissions, including his own acts and omissions on behalf of ePort, through which he obtained personal benefit.

48. In the Loan Application, ePort and Mr. Portugal made several representations of existing fact, including (a) that Mr. Portugal's credit history was clear of prior bankruptcies, and (b) that ePort and Mr. Portugal intended to use the loan proceeds to directly support ePort's selling business on Amazon.

49. Both representations of fact were material to the parties' transaction, because absent these representations, ACS would not have agreed to fund the loan.

50. Both representations were false. Mr. Portugal previously filed two undisclosed bankruptcies. And ePort and Mr. Portugal had no intention of using—and did not use—the loan proceeds to directly support its selling business on Amazon.

51. ePort and Mr. Portugal were aware that both representations were false.

52. ePort and Mr. Portugal intended ACS to rely on their misrepresentations when they applied for the loan, by certifying they had provided truthful and accurate information in their loan application.

53. ACS did not know of ePort and Mr. Portugal's misrepresentations.

54. ACS relied on those misrepresentations (as it was entitled to do) when it loaned $750,000 to ePort and Mr. Portugal.

55. As a result of ePort and Mr. Portugal's fraudulent misrepresentations, ACS suffered resulting damage in the amount of the outstanding balance of the loan plus interest.

56. Mr. Portugal took these wrongful acts for the benefit of himself and Mrs. Portugal, and the marital community comprised thereof.

### ALTERNATIVE FOURTH CAUSE OF ACTION
### Negligent Misrepresentation

57. ACS incorporates the preceding paragraphs of this Complaint.

FIRST AMENDED COMPLAINT
(No. 2:17-cv-01084-MJP) – 9

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

58. In the event the Court declines to enter judgment for ACS on its first cause of action or to enter the requested declaratory relief, Amazon brings this fourth cause of action in this Court in the alternative.

59. Mr. Portugal is the alter ego of ePort, and vice versa, such that ePort and Mr. Portugal are to be treated as one and the same entity. Mr. Portugal is personally liable for ePort's acts and omissions, including his own acts and omissions on behalf of ePort, through which he obtained personal benefit.

60. In the Loan Application, ePort and Mr. Portugal made several representations of existing fact, including (a) that Mr. Portugal's credit history was clear of prior bankruptcies, and (b) that ePort and Mr. Portugal intended to use the loan proceeds to directly support ePort's selling business on Amazon.

61. Both representations of fact were made for the guidance of ACS in its business transactions with Mr. Portugal, as ePort and Mr. Portugal knew or should have known.

62. Both representations were false. Mr. Portugal previously filed two undisclosed bankruptcies. And ePort had no intention of using—and did not use—the loan proceeds to directly support its selling business on Amazon.

63. ePort and Mr. Portugal were, at a minimum, negligent in obtaining or communicating that information to ACS.

64. ACS relied on those misrepresentations (as it was entitled to do) when it loaned $750,000 to ePort and Mr. Portugal.

65. As a result of ePort and Mr. Portugal's fraudulent misrepresentations, ACS suffered resulting damage in the amount of the outstanding balance of the loan plus interest.

66. Mr. Portugal took these wrongful acts for the benefit of himself and Mrs. Portugal, and the marital community comprised thereof.

FIRST AMENDED COMPLAINT
(No. 2:17-cv-01084-MJP) – 10

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

## VI.     PRAYER FOR RELIEF

ACS respectfully prays for the following relief in the alternative:

A.     That the Court enter judgment for ACS on its first cause of action and declare that ACS's claims against Mr. Portugal and Mr. Portugal's counterclaims against ACS relating to the Loan Agreement are subject to binding arbitration; <u>or in the alternative</u>,

B.     That the Court:

  i.    Issue a prejudgment writ of attachment or similar preliminary relief authorizing ACS to attach and/or garnish Defendants' assets;

  ii.   Enter judgment for ACS on its second, third, and fourth causes of action;

  iii.  Find Defendants jointly and severally liable for, and order them to pay, the outstanding balance of the loan, plus interest, in an amount to be determined at trial (but in any event no less than $641,447.30); and

  iv.   Order Defendants to pay the maximum amount of prejudgment interest authorized by law.

ACS further prays for the following relief:

C.     That Mr. Portugal be ordered to pay ACS's reasonable attorneys' fees and costs; and

D.     That the Court award such other and further relief as may be just and proper.

DATED this 22nd day of September, 2017.

> DAVIS WRIGHT TREMAINE LLP
> *Attorneys for Amazon Capital Services, Inc.*
>
> By  s/ *John A. Goldmark*
>     John A. Goldmark, WSBA #40980
>
> By  s/ *James Harlan Corning*
>     James Harlan Corning, WSBA #45177
>     1201 Third Avenue, Suite 2200
>     Seattle, WA  98101-3045
>     Tel: (206) 622-3150; Fax: (206) 757-7700
>     Email:   johngoldmark@dwt.com
>              jamescorning@dwt.com

FIRST AMENDED COMPLAINT
(No. 2:17-cv-01084-MJP) – 11

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

**CERTIFICATE OF SERVICE**

I hereby certify that on the date below, I caused the foregoing document to be filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

DATED this 22nd day of September, 2017.

s/ *James Harlan Corning*
James Harlan Corning, WSBA #45177

FIRST AMENDED COMPLAINT
(No. 2:17-cv-01084-MJP) – 12

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax